# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

JAMES G. THOMAS                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:08-CV-327-S

CUSHMAN & WAKEFIELD INC.                                          DEFENDANT

## MEMORANDUM OPINION and ORDER

Before the Court is Defendant's motion to dismiss (DN 14).  Having considered the motion, Plaintiff's responses thereto (DNs 17 & 25), and Defendant's replies (DNs 22 & 26), the Court will grant the motion to dismiss.

## I.

Plaintiff sues Cushman & Wakefield, Inc.  He used a form complaint to initiate this action (DN 1).  In it, he alleges that Defendant terminated his employment."  It then states, "The circumstances under which defendant discriminated against plaintiff were as follows:  Because I make a verbal complaint with the district operations manager (Donald E. Law) that two full-time lady's were given 2 half of days off with full day pay and I was not."  It appears from the complaint and other filings that Plaintiff worked as a janitor for ABM janitorial services, a client of Defendant Cushman & Wakefield, Inc., which manages PNC Plaza, where Plaintiff was assigned to work.

## II.

Defendant moves to dismiss on the following grounds:  Plaintiff admitted that both he and the two women to whom he refers were employees of ABM janitorial services and not Defendant Cushman & Wakefield, Inc.; Plaintiff did not claim in his Equal Employment Opportunity Commission (EEOC) charge that Defendant played any part in terminating him and in fact his charge did not mention termination; when the EEOC dismissed his charge against Defendant it noted that

there was no employer-employee relationship; because the EEOC statute makes the 30-day time period for filing with the EEOC a statute of limitations for certain discrete events like termination Plaintiff's action is time-barred; Plaintiff is judicially estopped from asserting that Defendant is his employer because of representations he made in the EEOC proceedings and in another case in this court, *Thomas v. ABM Janitorial Midwest, Inc.*, Civil Action No. 3:08-CV-326-J; and because joinder of ABM, a necessary party, is precluded and not feasible.  Because the Court finds that dismissal is appropriate for failure to exhaust the claim Plaintiff raised in his complaint, *i.e.*, that he was terminated based on retaliation for complaining about gender discrimination, the Court will not consider the other grounds raised by Defendant.

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true.  *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).  Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although a court ruling on a Rule 12(b)(6) motion may not consider matters outside the pleadings, *see Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989), when a plaintiff attaches an exhibit to his complaint, the attachment becomes a part of that pleading and may be considered.  *See* Fed. R. Civ. P. 10(c).  Thus, the Court may consider the EEOC right-to-sue letter on EEOC charge number 474-2008-00857 issued on May 29, 2008, which Plaintiff submitted as an attachment to his

complaint.[1]

As Defendant noted in its motion to dismiss, this Court may also take judicial notice of the EEOC charge without converting the motion to dismiss into one for summary judgment. *Williams v. Allstate Ins. Co.*, No. 5:04CV2435, 2005 WL 1126761, at *2 n.1 (N.D. Ohio Apr. 19, 2005) (holding court could take judicial notice of the EEOC complaint and right-to-sue letter attached to a motion to dismiss under Fed. R. Evid. 201). The EEOC charge numbered 474-2008-00857, which Defendant attaches to its motion to dismiss, was dated April 17, 2008. It has the box marked "sex" checked under the heading "Discrimination based on". In that charge, Plaintiff states in full:

> In August 2007, I was hired as a Night Custodian by ABM Janitorial in Louisville Kentucky. I was then placed on assignment, working for an ABM Janitorial client company, Cushman & Wakefield, that manages the PNC Plaza in Louisville Kentucky. On January 21, 2008 and February 2008, two female ABM Janitorial employees, who are also on assignment with Cushman & Wakefield at PNC Plaza in Louisville Kentucky, where [sic] given a half day off, with pay, on each of these dates. I was not. I believe that I was not given the half days off with pay because of my sex, Male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

In his complaint in this Court, Plaintiff alleged that he was terminated after he made a verbal complaint that two female employees were given two half-days off with full pay and he was not. His EEOC charge did not refer to him being terminated. He only stated that he was not given time off when two female employees were. Yet, his termination occurred before he filed that EEOC charge on April 17, 2008.[2]

It is axiomatic that a federal employee who brings charges under Title VII must first exhaust

---

[1] That right-to-sue letter stated it must close its file on this charge because of "No Employee/Employer Relationship."

[2] Defendant asserts in its motion to dismiss that Plaintiff was terminated on or about April 2, 2008, *i.e.*, before he filed his EEOC charge. Plaintiff does not dispute this assertion.

the available administrative remedies. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). The Sixth Circuit has routinely stated that the purpose of this requirement is "to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). To that end, it is well settled that the federal courts will not have subject matter jurisdiction over Title VII claims "unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001). "Generally, retaliation claims based on conduct that occurs after the filing of the EEOC charge can be reasonably expected to grow out of the charge. However, retaliation claims based on conduct that occurred *before* the filing of the EEOC charge must be included in that charge." *Id.* (citations omitted; emphasis added). Thus, in *Strouss*, because the plaintiff failed to include 1994 retaliation claims in her 1997 EEOC charge, the court was deprived of subject-matter jurisdiction over those claims. *Id.*; *see also Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (holding that district court did not have jurisdiction to hear retaliation claim where the plaintiff neither checked the retaliation claim box on her EEOC complaint nor described anything to suggest that she had a retaliation claim and the retaliation occurred before she filed her EEOC claim); *Turner v. City of Akron*, No. 5:06CV3023, 2008 WL 45376, at *6 (N.D. Ohio Jan. 2, 2008) ("[T]o the extent that Count II involves retaliation allegedly occurring before the filing of the 2005 civil-rights charge, the Court lacks jurisdiction to entertain the claim . . . ."). Thus, this Court lacks jurisdiction over Plaintiff's claim that he was terminated for complaining about female employees receiving time off of work.

**III.**

4

Defendant's motion to dismiss (DN 14) is **GRANTED**. The instant action will be dismissed by separate Order.

Date: February 12, 2010

**Charles R. Simpson III, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
       Counsel of record
4411.009